**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **Dameka Aiken,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.:** 6:19-cv-01371-TMC-JDA |
| | ) |
| **Zax, LLC d/b/a "Zaxby's"** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant Zax, LLC d/b/a "Zaxby's," submits this Notice of Removal to the United States District Court for the District of South Carolina, Greenville Division. In support of removal, Defendant shows as follows:

1. Plaintiff filed a civil action against Zaxby's in the Court of Common Pleas for Greenville County, South Carolina, on April 02, 2019, Civil Action No. 2019-CP-23-01731.

2. The Complaint was served on Defendant on April 22, 2019.

3. This Notice of Removal is being filed and served within thirty (30) days of Defendant's receipt of the Summons and Complaint in accordance with 28 U.S.C. §1446(b).

4. A copy of all process and pleadings served upon Defendant is attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

5. A copy of this Notice of Removal is being filed with the Clerk of the Greenville County Court of Common Pleas and served upon Plaintiff's counsel of record, as required by 28 U.S.C § 1446(d) and Local Civil Rule 83.IV.01 DSC.

### Federal Question Jurisdiction

6. This Court has original jurisdiction over this action by virtue of 28 U.S.C. § 1331 because it involves claims arising under the laws of the United States. More specifically, this Court has original jurisdiction of this action because Plaintiff's only claims are pursuant to 42 U.S.C. § 1981 ("Section 1981"). (Compl. ¶¶ 3, 11-16.)

7. Therefore, this action could originally have been brought before this Court pursuant to 28 U.S.C. § 1331 and may be removed by Defendant pursuant to 28 U.S.C. § 1441.

### Diversity Jurisdiction

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, the amount in controversy exceeds $75,000 (exclusive of interest and costs), and Defendant is not a citizen of the State in which the action was brought.

9. On information and belief, based in part on the allegations set forth in Paragraph 1 of the Complaint, Plaintiff is a citizen and resident of the State of South Carolina, was at the time of the filing of the Complaint, and has been at all intervening times.

10. Defendant owns and operates a chain of restaurants that maintains its main office and principal place of business in Georgia.

11. Although Plaintiff's claims seek unspecified damages, it is facially apparent from the Complaint that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. This Court has made clear that "[t]he amount in controversy is determined by considering the judgment that would be entered if [Plaintiffs] prevailed on the merits of the case as it stands at the time of removal." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC,

2011 U.S. Dist. LEXIS 11634, *4 (D.S.C. Feb. 4, 2011). "According to the United States Supreme Court, where both actual and punitive damages are allegedly recoverable under a complaint, 'each must be considered to the extent claimed in determining jurisdictional amount.'" *Id.* at *5 (quoting *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).

13.     Under her claims, Plaintiff is seeking to recover all of the following types of damages: "compensatory and punitive damages, attorney fees, expenses, and costs, prejudgment and post-judgment interest." (Compl. ¶ 13).

14.     The types of damages Plaintiff is seeking herein are similar to unspecified damage claims that this Court and the United States Court of Appeals for the Fourth Circuit have held to be sufficient to establish the amount in controversy requirement. *See Mattison*, 2011 U.S. Dist. LEXIS 11634 at *6 (noting as follows in holding the jurisdictional amount to be present: "As in the instant case, the complaint at issue in *Ellenburg*, 'sought actual incidental, consequential, and punitive damages on the common law claims . . . [t]he complaint, however, stated no dollar amount . . . of damages claimed.'") (quoting *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)).

15.     Plaintiff's "request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [Plaintiff] to prove [he] could not possibly recover the jurisdictional limit were [he] to prevail at trial." *Id.* at *10; *see also Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) ("[Plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount.").

16. In removal actions, a defendant need only allege a short and plain statement establishing the amount in controversy. *See Mattison*, 2011 U.S. Dist. LEXIS 11634 at *6-8 (holding that a defendant's obligations regarding establishing the jurisdictional amount is essentially the same as a plaintiff's jurisdictional pleading standards in a complaint) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)). Defendant has satisfied this requirement. Accordingly, the amount in controversy exceeds $75,000.

17. Based on the presence of complete diversity between the parties and the establishment of the amount in controversy requirement, this matter could have originally been brought before this Court pursuant to 28 U.S.C. § 1332 and may be removed by Defendants pursuant to 28 U.S.C. § 1441(a).

## VENUE

18. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as it is in the district and division embracing the place where the state action was pending.

## CONSENT AND REMOVAL REQUIREMENTS

19. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached herewith, and incorporated by reference, a copy of the Summons and Complaint filed in this action on April 02, 2019.

20. Written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law.

21. A true copy of this Notice of Removal is being filed with the Clerk of Court for the Court of Common Pleas, Greenville County, South Carolina, as required by law.

WHEREFORE, Defendant prays that the action now pending in the Greenville County Court of Common Pleas be removed to the United States District Court of the District of South Carolina, Greenville Division.

Dated this 10th day of May, 2019.

                                                      Respectfully submitted,

                                                     OGLETREE, DEAKINS, NASH,
                                                       SMOAK & STEWART, P.C.

By:   /s/ Phillip A. Kilgore
        Phillip A. Kilgore (Fed. ID 2329)
        M. Brooks Miller (Fed. ID 11527)
        300 North Main Street, Suite 500
        Greenville, South Carolina 29601
        Phone: (864) 271-1300
        Fax: (864) 235-8806
        phillip.kilgore@ogletree.com
        brooks.miller@ogletree.com

        Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **Dameka Aiken,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 6:19-cv-01371-TMC-JDA |
| | ) |
| **Zax, LLC d/b/a "Zaxby's"** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served upon Plaintiff on this 10th day of May, 2019, by depositing a copy thereof in the United States Mail, with sufficient postage affixed thereto, addressed to Plaintiff's address as listed on the Complaint:

Brian P. Murphy, Esq.
Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, South Carolina 29601

/s/ Phillip A. Kilgore

38308381.1